UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LARRY LATIMORE,<br><br>          Petitioner,<br><br>     vs.<br><br>CLARK E. DUCART, Warden, California State Prison, Pelican Bay,[1]<br><br>          Respondent. | Case No: C 11-5527 SBA<br><br>**ORDER TO SHOW CAUSE** |

Following a jury trial in the Alameda County Superior Court, Petitioner Larry Latimore was convicted of: kidnapping to commit robbery (Count One), Cal. Pen. Code, § 209(b)(1); second degree robbery (Count Two), id. § 211; and assault with a semi-automatic firearm (Count Three), id. § 245(b). A firearm use enhancement, id. § 12022.5(a)(1), was found true as to all counts; firearm enhancements, id. § 12022.53(b) & (c), were found true as to Count Two; and a § 12022.53(b) enhancement was found true as to Count One.

Through counsel, Petitioner has filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. He alleges various claims of instructional error and for insufficiency of the evidence. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1.     The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner's

---

[1] Clark E. Ducart, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1  counsel of record:  Robert Joseph Beles, Law Offices of Robert J. Beles, One Kaiser Plaza,
2  Suite 2300, Oakland, CA 94612.

3        2.      Respondent shall file with this Court and serve upon Petitioner, within sixty
4  (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of
5  the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
6  should not be issued.  Respondent shall file with the Answer a copy of all portions of the
7  relevant state records that have been transcribed previously and that are relevant to a
8  determination of the issues presented by the petition.

9        3.      If Petitioner wishes to respond to the Answer, he shall do so by filing a
10  Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt
11  of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and
12  ready for decision thirty (30) days after the date Petitioner is served with Respondent's
13  Answer.

14        4.      Respondent may file with this Court and serve upon Petitioner, within sixty
15  (60) days of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of
16  an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
17  Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court
18  and serve on Respondent an opposition or statement of non-opposition to the motion within
19  twenty-eight (28) days of receipt of the motion, and Respondent shall file with the Court
20  and serve on Petitioner a reply within fourteen (14) days of receipt of any opposition.

21        5.      Petitioner must also serve on Respondent's counsel all communications with
22  the Court by mailing a true copy of the document to Respondent's counsel.

23        6.      Extensions of time are not favored, though reasonable extensions will be
24  granted.  Any motion for an extension of time must be filed no later than fourteen (14) days
25  prior to the deadline sought to be extended.

26  IT IS SO ORDERED.
27  Dated: April 17, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge